UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| JESUS ROSA,<br>    PLAINTIFF<br><br>v.<br><br>HARTE NISSAN, INC.,<br>    DEFENDANT | CASE NO.<br>3:03CV00979(JCH)<br><br>26(f) REPORT OF<br>PARTIES' PLANNING<br>MEETING<br><br>November 7, 2003 |

2003 NOV 10  P 12: 33

US DISTRICT COURT
BRIDGEPORT CT

Date Complaint Filed:     June 2, 2003.

Date Complaint Served:     The defendant, Harte Nissan, Inc. ("Harte Nissan") was duly served on June 5, 2003.

Date of Defendant's Appearance:     William J. McGrath appeared for Harte Nissan on June 30, 2003.

Pursuant to Fed. R. Civ. P 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on October 30, 2003. The participants were:

Sarah Poriss for the plaintiff Jesus Rosa.

William J. McGrath for the defendant Harte Nissan.

### I.    Certification

Undersigned counsel certify that, after Consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of their report to their clients.

### II.    Jurisdiction

    A. Subject Matter Jurisdiction: 15 U.S.C. §1640(e), 28 U.S.C. §1331 §1337, and Fed. R. Civ. P. 18(a).

B. Personal Jurisdiction: the Defendant is a Connecticut business, the transactions occurred in Connecticut and the Plaintiff is a resident of this state.

**III.    Brief Description of Case**

A. Claims of Plaintiff: Plaintiff claims (1) violations of the Truth-in-Lending Act in that Defendant failed to accurately disclose the amount financed including but not limited to the annual percentage rate and the sales tax and (2) violations of Conn. Gen. Stat. § 42-110a *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA") in that Defendant committed unfair and deceptive acts and practices.

B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant: Defendant generally denies Plaintiff's allegations. More specifically, the Defendant acknowledges that the Plaintiff signed two contracts and that the first contract contained an error and was, with the Plaintiff's consent, marked "void." The second contract corrected the error, which resulted in no actual loss to the Plaintiff. All Federal and State disclosure statutes were complied with.

C. Defenses and Claims of Third Party Defendant: not applicable.

**IV.    Statement of Undisputed Facts**:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed: on or about November 6, 2002, Plaintiff purchased a used 2003 Nissan Maxima from Defendant and the parties executed two (2) retail installment sales contracts.

V.  **Case Management Plan:**

A.  <u>Standing Order on Scheduling in Civil Cases</u>

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows: the parties request an extension of approximately three (3) months

B.  <u>Scheduling Conference with the Court</u>

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  <u>Early Settlement Conference</u>

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by an early settlement conference.

2.  The parties request an early settlement conference.

3.  The parties prefer a settlement conference with a magistrate judge or parajudicial officer.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.  <u>Joinder of Parties and Amendment of Pleadings</u>

1.  Plaintiffs should be allowed until November 12, 2003 to file motions to join additional parties and until November 12, 2003 to file motions to amend the pleadings.

3

  2. Defendant should be allowed until November 26, 2003 to file motions to join additional parties and until November 26, 2003 to file a response to the complaint.

E. <u>Discovery</u>

  1. The parties anticipate that discovery will be needed on the following subjects: the negotiation and execution of the contract and related documents at issue in this case; the manner in which the sales price and credit terms offered to the Plaintiff were arrived at; training methods utilized by Defendant for its sales personnel; procedures and policies concerning the preparation of retail installment sales contracts; Defendant's record keeping systems; and Defendant's communications with Sovereign Bank.

  2. All discovery, including depositions of expert witnesses pursuant to Fed R. Civ. P. 26(b)(4), will be commenced by December 18, 2003 and completed (not propounded) by March 18, 2004.

  3. Discovery will not be conducted in phases.

  4. Discovery on [issues for early discovery] will be completed by - not applicable.

  5. The parties anticipate that the Plaintiff will require a total of two (2) depositions of fact witnesses and that the Defendant will require a total of two (2) depositions of fact witnesses. The depositions will commence by January 13, 2004 and be completed by March 18, 2004.

6. The parties reserve the right to request permission to serve more than 25 interrogatories.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 18, 2003. Depositions of any such experts will be completed by January 20, 2004.

8. Defendant does not intend to call expert witnesses at trial but reserves the right to do so. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 20, 2004. Depositions of such experts will be completed by March 26, 2004.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by December 18, 2003.

F. <u>Dispositive Motions</u>

Dispositive motions will be filed on or before April 29, 2004.

G. <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 20, 2004.

**TRIAL READINESS**

The case will be ready for trial by May 20, 2004 or thirty (30) days from submission of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, Jesus Rosa

By: _____  Date: 11/7/03
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Sarah Poriss, ct24372
sporiss@consumerlawgroup.com
Consumer Law Group, LLC
P. O. Box 1039   2138 Silas Deane Highway
Rocky Hill, Connecticut 06067-9997
Tel. (860) 571-0408  Fax (860) 571-7457

DEFENDANT, Harte Nissan, Inc.

By: _____  Date: 11/5/03
William J. McGrath, Jr., ct04314
HALLORAN & SAGE LLP
One Goodwin Square   225 Asylum Street
Hartford, CT 06103
Tel (860) 297-4644   Fax (860) 548-0006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing 26(f) Report of Parties' Planning Meeting was mailed, via first-class mail, postage prepaid, this 7th day of November, 2003, to the following:

William J. McGrath, Jr., Esquire
HALLORAN & SAGE LLP
One Goodwin Square   225 Asylum Street
Hartford, CT 06103

_____
Sarah Poriss